UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                 Case No. 8:22-cr-00369-KKM-AAS

EMMANUEL AYALA
_____/

**DEFENDANT'S BRIEF ON NECESSARY FINDINGS OF FACT AND THE NEED FOR AN EVIDENTIARY HEARING**

The Defendant, Emmanuel Ayala, by and through his attorney, pursuant to this Court's Order, Doc. 41, directing him to explain what findings of fact may be needed to rule on his motion to dismiss the indictment (Doc. 23) and why an evidentiary hearing is necessary, briefs the issues as follows:

**I.    Findings of fact that may be needed for the Court to adjudicate Mr. Ayala's motion to dismiss.**

Under the two-step analytical framework under *New York Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), this Court would need to make findings of fact that Mr. Ayala is "among the people" under the Second Amendment and that his proposed course of conduct—possessing a concealed firearm for self-defense while at his federal workplace and while on duty in his work truck—is protected under the Second Amendment. The Court would need to receive evidence in the record, by way of an evidentiary hearing or by

1

stipulation of the parties, regarding step one under *Bruen* and Mr. Ayala's light burden of production. He is ready, willing, and able to meet his burden either by stipulation or by an evidentiary hearing if needed. These findings of fact would presumptively protect Mr. Ayala's ability to carry a firearm at his federal workplace and while on the job. The ball would then be in the Government's court in step two under *Bruen*. Step two would require this Court to make further findings of fact, based on evidence received in the record, that the post office where Mr. Ayala worked was a historically "sensitive place" that barred postal employees from possessing firearms at the post office.

## II. Mr. Ayala's position on the necessity of having an evidentiary hearing.

To the extent the Government concedes Mr. Ayala is among the people, and his conduct falls within the plain language of the Second Amendment, no evidentiary hearing is necessary. Should the Government be unwilling to concede these points, Mr. Ayala is prepared to present evidence at a hearing that he is among the people and that his purpose for possessing a firearm was for self-defense. Inasmuch, an evidentiary hearing would be necessary under *Bruen* step two for the Court to receive evidence produced by the Government—since it has the ultimate burden—to prove that post offices are a historically "sensitive place" that allows the criminalization and total bar of postal employees from ever possessing firearms where they work and while on the job, as applied to Mr.

Ayala. *See United States v. Bullock*, No. 3:18-CR-165-CWR-FKB, --- F.3d --- 2023 WL 4232309, at *1, *15 (S.D. Miss. June 28, 2023) (citing evidence received by the court on defendant's motion to dismiss the indictment in 18 U.S.C. § 922(g)(1) prosecution that defendant's gun was kept in his home, and highlighting that no expert reports or expert testimony was received into evidence on felon-in-possession laws when it was government's burden to prove such historical regulations); *cf. Nat'l Rifle Ass'n v. Bondi*, 61 F.4th 1317, 1320, (11th Cir. 2023) (citing parties' cross-motions for summary judgment that were filed in a challenge to Florida law barring persons under the age of twenty-one years old from purchasing a firearm).

This evidence under step two cannot come in the form of artfully drafted prose, from compelling briefs or legal memoranda, or from cited law review articles. *See Bullock*, 2023 WL 4232309, at *2, *24. Neither can it come from dicta in judicial opinions nor cherry-picked from historical literature. *See id.* at *17, *25. This evidence, through testimony and reports, must instead come from an expert historian produced by the Government. *See id.* at *4, *15. This expert historian would be trained on the matter of historical gun regulations at post offices and whether there were regulations that prohibited postal workers from possessing firearms at their place of work for self-defense at the time of the Founding.

Insofar as Mr. Ayala has a light burden under *Bruen*, he respectfully requests an evidentiary hearing, pursuant to Local Rule 3.01(h), to establish that he's "among the people" and that he possessed a firearm for self-defense under the Second Amendment at his federal workplace in support of his motion to dismiss the indictment, Doc. 23.

        **A. FITZGERALD HALL, ESQ.**
        **FEDERAL DEFENDER**

        */s/ Stephen Consuegra*
        Stephen Consuegra, Esq.
        Florida Bar No. 105816
        Assistant Federal Defender
        400 N. Tampa Street, Suite 2700
        Tampa, Florida 33602
        Telephone: (813) 228-2715
        Facsimile: (813) 228-2562
        E-mail: Stephen_Consuegra@fd.org

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 3, 2023, a true and correct copy of the foregoing was furnished using the CM/ECF system with the Clerk of the Court, which will send notice of the electronic filing to the following:

Abigail King, AUSA

                                        */s/ Stephen Consuegra*
                                        Stephen Consuegra, Esq.
                                        Assistant Federal Defender