UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.   CASE NO. 8:22-cr-369-KKM-AAS

EMMANUEL AYALA

**GOVERNMENT'S POSITION IN OPPOSITION TO AN EVIDENTIARY HEARING**

The United States of America, by Roger B. Handberg, United States Attorney for the Middle District of Florida, files this response in opposition of an evidentiary hearing on defendant's Motion to Dismiss, as ordered by the Court. *See* Doc. 41.

**I.   The United States and Ayala agree on the Critical Facts and thus an Evidentiary Hearing is not Necessary.**

The United States stipulates to the following facts that may be relevant to the sufficiency of the indictment: (1) Ayala was a federal employee; (2) Ayala was charged with bringing a firearm to the post office where he works, while on duty; (3) Ayala was not a security guard, investigator, agent or any other type of employee who might have been allowed to carry a weapon at work (he was a truck driver); and (4) Ayala possessed a concealed weapons permit at the time alleged in the indictment. These facts may be relevant if the Court reaches Ayala's argument that the statute is unconstitutional as applied to him. For the reasons stated in the government's supplemental brief, however, the United States maintains the position that the statute is constitutional in all applications, as applied to anyone. Regardless, no evidentiary hearing would be required as both parties agree to the critical facts.

"An evidentiary hearing is not required where none of the critical facts are in dispute and the facts as alleged by the defendant if true would not justify the relief requested." *United States v. Rothstein*, 939 F.3d 1286, 1292 (11th Cir. 2019). *See United States v. Jimenez Shilon*, 34 F.4th at 1050 n.6 ("Jiminez separately contends that the district court erred in refusing to grant him an evidentiary hearing to establish his connections with this country. He admits, however, that he is an illegal alien. And for reasons already explained, that dooms his Second Amendment defense. Therefore, even if Jimenez could have made good on his allegations, that wouldn't have salvaged his motion to dismiss. The district court didn't abuse its discretion." (citing *Rothstein*).

   Ayala cites a recent district court order from the Southern District of Mississippi for the dubious proposition that the United States must produce extrinsic evidence – apparently in the form of testimony or historical records – regarding the "historical tradition" inquiry. *United States v. Bullock*, No. 3:18-CR-165-CWR-FKB, 2023 WL 4232309 (S.D. Miss. June 28, 2023). *Bruen* itself rejected this argument. *See Bruen*, 142 S. Ct. at 2135 n.8 (rejecting dissent's argument that "we cannot answer the question presented without giving respondents the opportunity to develop an evidentiary record fleshing out "how New York's law is administered in practice, how much discretion licensing officers in New York possesses, or whether the proper cause standard differs across countries"). Whether a statute is constitutional – based on historical tradition or any other criteria – is a legal question for the court. In any event, *Bullock* case involved a different provision, specifically 922(g), whereas the

indictment against Ayala charges him with a violation of 18 U.S.C. § 930. Doc. 1. The *Bullock* order says nothing about firearm restrictions in government buildings or any other sensitive place. No part of that order is relevant, binding, or persuasive here.

## II.   Conclusion

Ultimately, as there are not critical facts in dispute, an evidentiary hearing is not necessary.

Respectfully submitted,

ROGER B. HANDBERG
United States Attorney

By:   /s/ *Abigail K. King*
Abigail K. King
Assistant United States Attorney
Florida Bar No. 294963
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone:   (813) 274-6000
Facsimile:    (813) 274-6358
E-mail: Abigail.King@udsoj.gov

U.S. v. Emmanuel Ayala                    Case No. 8:22-cr-369-KKM-AAS

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Stephen Consuegra, FPD

                                               /s/ *Abigail K. King*
                                               Abigail K. King
                                               Assistant United States Attorney
                                               Florida Bar No. 294963
                                               400 N. Tampa Street, Suite 3200
                                               Tampa, Florida 33602-4798
                                               Telephone:   (813) 274-6000
                                               Facsimile:    (813) 274-6358
                                               E-mail: Abigail.King@usdoj.gov