**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA,

v.                                                    Case No. 8:22-cr-369-KKM-AAS

EMMANUEL AYALA,

Defendant.

_____

## ORDER

Emmanuel Ayala elects to be tried by a magistrate judge under 18 U.S.C. § 3401 and Federal Rule of Criminal Procedure 58. (Doc. 99). The government petitions for this case to remain before the district court. Pet. (Doc. 102). Although this prosecution has a complicated procedural history and has presented novel and important constitutional questions, I have resolved those matters and all that remains now is a trial on the misdemeanor charge of resisting a federal officer. As a result, I deny the government's petition.

In 2022, a grand jury charged Ayala with possessing a firearm in a federal facility under 18 U.S.C. § 930 (Count I) and resisting a federal officer under 18 U.S.C. § 111 (Count II). Indictment (Doc. 1). In January 2024, I dismissed Count I because that charge violated Ayala's Second Amendment rights. (Doc. 57). The government appealed, (Doc. 62), but then successfully moved the Eleventh Circuit to dismiss the appeal, (Doc. 75) at 2. After the

mandate issued in August 2025, Ayala pressed his motion to suppress related to Count II, which included a challenge to the government's warrantless surveillance of Ayala while employed by the U.S. Postal Service. *See* (Docs. 44, 75, 85). After a lengthy evidentiary hearing in January 2026, I denied Ayala's motion to suppress. (Doc. 98). Shortly after, Ayala filed a "consent" to proceed before a magistrate judge. (Doc. 99). The government objects. *See* Pet.

With the district judge's approval, a defendant in a misdemeanor case may consent to "trial, judgment, and sentencing before a magistrate judge." FED. R. CRIM. P. 58(b)(2)(E)(ii); *see United States v. Ruiz-Rodriguez*, 277 F.3d 1281, 1286 (11th Cir. 2002) *see also* 18 U.S.C. § 3401(a). The government may petition for a case to remain before the district judge "for good cause shown" and should explain "the novelty, importance, or complexity of the case, or other pertinent factors." 18 U.S.C. § 3401(f).

The government argues that this case is novel because "[t]he resisting an officer charge is intermingled with the [already dismissed] firearm charge," and that the case is procedurally complex. Pet. at 4–5. While I agree that the case has presented novel, complex, and important issues related to the Second and Fourth Amendments, those issues are now resolved. *See* (Docs. 57, 75, 98). All that remains is a misdemeanor charge for resisting an officer. Accordingly, the government fails to show good cause.

The following is **ORDERED**:

1. The government's Petition (Doc. 102) is **DENIED**.

2. The defendant is **DIRECTED** to sign and file the attached form consenting to proceed before the magistrate judge.

**ORDERED** in Tampa, Florida, on February 26, 2026.

Kathryn Kimball Mizelle
United States District Judge

3