UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                    Case No. 8:22-cr-00369-AAS

EMMANUEL AYALA
_____/

## ORDER

Defendant Emmanuel Ayala moves in limine to preclude any evidence or testimony at trial concerning the nature or type of investigation conducted by the United States Postal Service (USPS) and the Office of Inspector General (OIG). (Doc. 130). Mr. Ayala argues that the nature and type of their investigation—whether it involved employee malfeasance, a criminal matter, possessing a controlled substance while on the job, or possessing a firearm at a federal facility—is irrelevant, and the probative value of such evidence is substantially outweighed by the danger of unfair prejudice. (*Id.*).

The United States opposes Mr. Ayala's motion in limine. (Doc. 134). The United States argues that the nature of the USPS and OIG investigation is not only intrinsic evidence of the charged crime of resisting a federal officer, but it is also part of the Eleventh Circuit Pattern Jury Instructions to exemplify the agent's official duty. (*Id.*).

1

## A.    Intrinsic Evidence

Generally, "[r]elevant direct evidence of a crime charged is always admissible unless it falls under a rule of exclusion." *United States v. Troya*, 733 F.3d 1125, 1131 (11th Cir. 2013) (citation omitted). Apart from direct evidence, the Eleventh Circuit deems evidence intrinsic and admissible if it is "inextricably intertwined with the evidence regarding the charged offense." *Id.* Evidence intrinsic to the charged offenses is admissible if it is "(1) an uncharged offense which arose out of the same transaction or series of transactions as the charged offense, (2) necessary to complete the story of the crime, or (3) inextricably intertwined with the evidence regarding the charged offense." *Id.* (internal citation omitted).

An uncharged, extrinsic act arises out of the same transaction or series of transactions if it is "linked in time and circumstances" with the charged crime or "involve[s] the same people and criminal scheme." *United States v. Harding*, 104 F.4th 1291, 1296 (11th Cir. 2024). There is "no firm temporal requirement [but] the uncharged act must be 'connected with the offenses charged.'" *Id.* (internal citation omitted). An extrinsic act is necessary to complete the story of the crime if it explains the "'context, motive, and set-up of the crime' or reveals important details about the criminal scheme." *Id.* at 1297 (internal citation omitted). An extrinsic act is inextricably intertwined

with the charged offense if it "'forms an integral and natural part of' an account of a crime, or it is 'vital to an understanding of the context of the government's case[.]'" *Id.* (internal citations omitted).

Special Agent (SA) Scott Cunningham investigated Mr. Ayala for approximately two months before the September 14, 2022 interaction that led to Mr. Ayala's charge of resisting a federal officer. During the investigation, SA Cunningham determined that Mr. Ayala was engaged in alleged employee misconduct for the use of marijuana while driving a USPS vehicle, as well as possessing and interacting with a firearm while driving a USPS vehicle. SA Cunningham planned to make contact with Mr. Ayala at his place of employment to discuss his alleged employee misconduct. SA Cunningham arranged for SA Jill Younce to accompany him, both acting in their official capacity as special agents with USPS and OIG.

On September 14, 2022, a supervisor at the Tampa Processing and Distribution Center notified SA Cunningham that Mr. Ayala was present on USPS property, wearing his red satchel fanny pack. Based on the conducted surveillance, SA Cunningham knew Mr. Ayala carried his marijuana and firearm in a red satchel fanny pack. SA Cunningham and SA Younce subsequently contacted Mr. Ayala, identified themselves verbally and by showing credentials, and informed Mr. Ayala that they wanted to speak with

3

him inside the facility. As they started walking back into the postal facility, SA Cunningham felt it necessary to conduct a weapons pat-down of Mr. Ayala for officer safety, as he knew Mr. Ayala carried a firearm in a red satchel fanny pack. Once the pat down began, Mr. Ayala began to resist, and when SA Younce attempted to handcuff Mr. Ayala, he resisted both officers and fled the scene.

Mr. Ayala's prior possession of a firearm, as well as the investigation into him for employee misconduct, are integral and natural parts of SA Cunningham's account of the crime and are necessary to complete the story of the crime. SA Cunningham conducted the weapons pat-down because of his knowledge of Mr. Ayala's possession of a firearm, to ensure his own safety as well as the safety of those around him. The weapons pat-down is also probative of Mr. Ayala's motive for allegedly resisting a federal officer in response to the possibility of being caught with paraphernalia and an unauthorized firearm. Any prejudicial effect of such evidence is outweighed by its probative value. Thus, the court finds the testimony regarding the nature and scope of SA Cunningham's investigation in this case is intrinsic to the crime charged and inextricably intertwined with the series of events leading up to the charge.

That said, intrinsic evidence must still pass a Rule 403 balancing test. *United States v. Richardson*, 764 F.2d 1514, 1522 (11th Cir. 1985). Rule 403

provides that a court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Crim. P. 403. Any testimony regarding the underlying investigation must be closely tied to the circumstances surrounding SA Cunningham's and SA Younce's contact with Mr. Ayala on September 14, 2022, the pat-down, and the subsequent arrest. This testimony must be provided in a limited and succinct manner so as not to confuse the issues and mislead the jury into thinking Mr. Ayala is on trial for his alleged conduct that was the subject of the underlying investigation. In other words, succinct testimony about law enforcement's underlying investigation due to suspicion of Mr. Ayala possessing a firearm and marijuana while driving a USPS vehicle will be permitted, but testimony may not deviate far from that limited testimony.

### B.    Eleventh Circuit Pattern Jury Instructions

The Eleventh Circuit Pattern Jury Instructions for Forcibly Assaulting a Federal Officer: Without Use of a Deadly Weapon, 18 U.S.C. § 111(a)(1) – Felony Offense, provide this information be included in the jury instructions: "[A [name of agent type, e.g., Special Agent or I.R.S. Agent] of the [name of agency], is a Federal Officer and has the official duty to [describe function at

issue in case].]" Eleventh Circuit Pattern Jury Instructions O1.1.

Both parties submitted proposed jury instructions for Resisting a Federal Officer, based on section O1.1, as pattern jury instructions do not exist for the misdemeanor offense. (Docs. 123, 127). The court's ruling and instructions in the prior section about what testimony will be permitted are consistent with what information is contemplated in the proposed jury instructions, and so those instructions do not alter the court's ruling.

*     *     *

Accordingly, for the reasons stated, Mr. Ayala's motion in limine (Doc. 130) is **DENIED**. However, as explained in this order, this testimony must be provided in a limited and succinct manner so as not to confuse the issues and mislead the jury into thinking Mr. Ayala is on trial for his alleged conduct that was the subject of the underlying investigation.

**ORDERED** in Tampa, Florida, on April 2, 2026.

_Amanda Arnold Sansone_
AMANDA ARNOLD SANSONE
United States Magistrate Judge