UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA**

**v.**                                      **Case No. 8:22-cr-00369-AAS**

**EMMANUEL AYALA**

_____/

## DEFENDANT'S POST TRIAL MOTIONS FOR JUDGMENT OF ACQUITTAL AND FOR NEW TRIAL

The Defendant, Emmanuel Ayala, by and through his attorney, pursuant to the U.S. Const. amend. V and VI and Fed. R. Crim. P. 29, 30 and 33, moves for a judgment of acquittal and a new trial post-verdict and moves in the alternative for a new trial in the interests of justice.

The Court erred as a matter of law by failing to instruct the jury in the first instance on the knowledge element in the offense instruction, transforming the crime of resisting a federal official in violation of 18 U.S.C. § 111(a) from a general intent crime to a strict liability offense. Mr. Ayala was prevented from arguing as a matter of law that he, whether by accident or mistake, that he unintentionally resisted arrest a federal official's arrest. The erroneous instruction also affected the portion of the instruction on self-defense and the reasonable prudent person—which is both subjective and objective as a matter of law. Counsel for the government misstated black letter law in her rebuttal

1

argument that the reasonable person standard is strictly objective. These errors standing alone (and cumulatively) affected the jury's verdict to Mr. Ayala's detriment.

The Court should grant Mr. Ayala's post-trial motion for judgment of acquittal and order a new trial under Rule 29. In the alternative, and based largely on the same arguments, the Court should grant his motion for new trial in the interests of justice under Rule 33(a).

## I.       Relevant facts for Mr. Ayala's post-trial motions.

On April 6, 2026, Mr. Ayala went to trial on the remaining charge in the indictment for resisting arrest in violation of 18 U.S.C. § 111. Doc. 1. The parties proposed competing jury instructions to the Court, wrangling with the elements of § 111 and the self-defense instruction (among other things). Docs. 123, 127, 132–33, and 139–40. After hearing counsels' arguments, the Court rejected Mr. Ayala's proposed instruction for § 111, agreed mostly with the government, and drafted its own proposed offense instruction for § 111.

During the charge conference, Mr. Ayala objected to the Court's iteration of the instruction for § 111, arguing that it had eliminated the element of knowledge from the essential elements of the offense and turned it into a strict liability offense. The Court overruled Mr. Ayala's objection, reasoning that its instruction on self-defense contained within the § 111 offense instruction

2

adequately instructed the jury on the element of knowledge. The Court made no revisions to its instructions and charged the jury accordingly. Doc. 150.

During closing arguments, Mr. Ayala was limited to what he could argue as a matter of law to the jury. Counsel argued on his behalf that the government failed to meet its burden to rebut his claim of self-defense because there was reasonable doubt on whether he knew that the person he ran away from was a federal official. But given the Court's instructions to the jury on § 111, Mr. Ayala couldn't argue as a matter of law that he didn't knowingly and willfully resist arrest because he did so mistakenly or accidentally. The requisite *mens rea* was wholly absent from the § 111 instruction.

In addition, during Mr. Ayala's closing argument, counsel argued that the reasonable prudent person standard in the self-defense context is both a subjective and objective standard, meaning that a reasonable person similarly situated to Mr. Ayala would have his subjective state of mind and the jury would determine whether it was objectively reasonable for such a person to flee under the circumstances in self-defense. Counsel for the government objected on grounds of misstatement of the law. The Court advised counsel for Mr. Ayala to read from the court's jury instructions. Counsel obliged, made the same argument, and didn't draw any objections from the government. On rebuttal, the

3

government's counsel misstated black letter law on the reasonable prudent person standard, arguing that it was merely an objective one.

After deliberations, the jury found Mr. Ayala guilty as charged. Mr. Ayala renewed his objections to the offense instruction—those that he previously proposed which were rejected by the Court and his proposed revisions to the Court's § 111 offense instruction before submitting it to the jury. The Court set a deadline for Mr. Ayala's post-trial motions for April 24, 2026. Doc. 147 at 2. This post-trial motion for judgment of acquittal and for new trial soon followed.

**II.      The Court should grant Mr. Ayala's Rule 29 motion for judgment of acquittal and order a new trial because it misapprehended the essential element of knowledge in its § 111 offense instruction to the jury, violating his constitutional rights under the Fifth and Sixth Amendments.**

"After the government closes its evidence or after the close of all evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). Under Rule 29(c), the motion can also be made after a jury verdict or discharge and the same standard under subsection (a) applies:

> In considering a motion for the entry of judgment of acquittal under Federal Rule of Criminal Procedure 29(c), a district court should apply the same standard used in reviewing the sufficiency of the evidence to sustain a conviction. *See United States v. Sellers*, 871 F.2d 1019, 1020 (11th Cir. 1989). The district court must view the evidence in the light most favorable to the government. *See id.* (citing *Glasser v. United States*, 315 U.S. 60, 80 (1942), *superseded by rule on other grounds*, *Bourjaily v. United States*, 483 U.S. 171 (1987)). The court must resolve any conflicts in the evidence

in favor of the government, *see United States v. Taylor*, 972 F.2d 1247, 1250 (11th Cir. 1992), and must accept all reasonable inferences that tend to support the government's case. *See United States v. Burns*, 597 F.2d 939, 941 (5th Cir. 1979). The court must ascertain whether a reasonable jury could have found the defendant guilty beyond a reasonable doubt. *See Sellers*, 871 F.2d at 1021 (citing *United States v. O'Keefe*, 825 F.2d 314, 319 (11th Cir. 1987)). " 'It is not necessary for the evidence to exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, provided a reasonable trier of fact could find that the evidence establishes guilt beyond a reasonable doubt.' " *Sellers*, 871 F.2d at 1021 (*quoting United States v. Bell*, 678 F.2d 547, 549 (5th Cir. Unit B 1982) (en banc), *aff'd on other grounds*, 462 U.S. 356 (1983)). A jury is free to choose among reasonable constructions of the evidence. *See Sellers*, 871 F.2d at 1021. The court must accept all the jury's "reasonable inferences and credibility determinations." *See id.* (*citing United States v. Sanchez*, 722 F.2d 1501, 1505 (11th Cir. 1984)).

*United States v. Ward*, 197 F.3d 1076, 1079 (11th Cir. 1999) (internal citations shortened). "If the court enters a judgment of acquittal after a guilty verdict, the court must also conditionally determine whether any motion for a new trial should be granted if the judgment of acquittal is later vacated or reversed. The court must specify the reasons for that determination." Fed. R. Crim. P. 29(d)(1).

For purposes of instructing the jury on 18 U.S.C. § 111, the Court had to consider Mr. Ayala's knowledge in two important respects and in this specific order: (1) whether he knowingly and willfully, not accidentally or mistakenly, used force to resist or oppose a federal official performing his official duties beyond a reasonable doubt; and (2) whether he knew that the victim was a federal official beyond a reasonable doubt when he acted in reasonable self-defense. Save for other errors discussed below, the latter was mostly covered by

5

the Court's § 111 offense instruction, Doc. 150 at 14–15; but the former was wholly absent from the essential elements of the offense instruction. The Court's misapprehension of the knowledge element in its offense instruction to the jury violated Mr. Ayala's Fifth and Sixth Amendment rights.

The Fifth Amendment's Due Process Clause and the Sixth Amendment's jury trial rights "require criminal convictions to rest upon a jury determination that the defendant is guilty of every element of the crime with which he is charged beyond a reasonable doubt." *United States v. Gaudin*, 515 U.S. 506, 510 (1995) (citing *Sullivan v. Louisiana*, 508 U.S. 275, 276–78 (1993)). "[T]he jury's constitutional responsibility is not merely to determine the facts, but to apply the law to those facts and draw the ultimate conclusion of guilt or innocence." *Gaudin*, 515 U.S. at 514 (citing *Sullivan*, 508 U.S. at 275; *Court of Ulster Cty. v. Allen*, 442 U.S. 140, 156 (1979); *Patterson v. New York*, 432 U.S. 197, 206 (1977); *In re Winship*, 397 U.S. 358, 364 (1970)).

As *United States v. Ettinger* instructs, Mr. Ayala must have *forcibly* resisted or opposed a federal officer engaging in his official duties (*i.e.,* that he knowingly and willfully, not by accident or mistake, used force to resist a federal officer's arrest). The Court misapprehended the knowledge element in its offense instruction for § 111. The Court should grant Mr. Ayala's post-trial motion for judgment of acquittal and order a new trial under Rule 29.

Strict liability crimes notwithstanding, "a person is not guilty of an offense unless he acted purposely, knowingly, recklessly or negligently, as the law may require, with respect to each material element of the offense." Model Penal Code § 2.02(1). "When the culpability sufficient to establish a material element of an offense is not prescribed by law, such element is established if a person acts purposely, knowingly or recklessly with respect thereto." *Id.* at § 2.02(3). A criminal act that's done purposefully, knowingly, or recklessly roughly translates to a general intent crime under the common law. *Id.* at Explanatory Note for subsection (3). For general intent crimes, mistake of fact is a proper and recognized legal defense:

> Ignorance or mistake as to a matter of fact or law is a defense if:
>
> (a) the ignorance or mistake negatives the purpose, knowledge, belief, recklessness or negligence required to establish a material element of the offense; or
>
> (b) the law provides that the state of mind established by such ignorance or mistake constitutes a defense.

Model Penal Code § 2.04(1).

Forcibly assaulting a federal officer in violation of 18 U.S.C. § 111 is a general intent crime. *United States v. Ettinger*, 344 F.3d 1149, 1158, 1161 (11th Cir. 2003). The defendant must have knowingly committed the offense, which merely requires a general state of knowledge that he intended to assault, resist, oppose, impede, intimidate, or interfere with a federal officer who's performing or

7

engaging in their official duties—not mistakenly or accidentally. *Id.* at 1155. This kind of knowledge—the general intent to commit a § 111 offense—is found in the Eleventh Circuit's pattern jury instructions:

> The word "knowingly" means that an act was done voluntarily and intentionally and not because of accident or mistake."

> The word "willfully" means that the act was committed voluntarily and purposely, with the intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law. While a person must have acted with the intent to do something the law forbids before you can find that the person acted "willfully," the person need not be aware of the specific law or rule that [his] [her] conduct may be violating.

Pattern Instruction B9.1A (September 2025), https://www.ca11.uscourts.gov/ sites/default/files/courtdocs/clk/FormCriminalPatternJuryInstructionsRevised SEP2025.pdf. The panel in *Ettinger* makes this point about the knowledge element in § 111 prosecutions abundantly clear:

> The terms "knowingly and willfully" do not define "specific intent." Where no specific intent element is apparent on the face of the statute, the crime is one of general intent. *See United States v. Grossman*, 131 F.3d 1449, 1451–52 (11th Cir. 1997). The language of § 111 only requires the knowing commission of the act.

> Furthermore, "the word 'willfully' means that a person or entity charged as a defendant knowingly and intentionally committed acts which constitute the offense charged and that such acts were not committed accidentally or by some mistake." *United States v. Phillips*, 19 F.3d 1565, 1577 (11th Cir. 1994).

344 F.3d at 1158. The Court misapprehended the knowledge element in its § 111 offense instruction to the jury, making a critical omission of an essential element of the offense that the government had to prove beyond a reasonable doubt.

8

It's true that knowledge of the victim's status as a federal official isn't an element of the offense; that being said, this particular kind of knowledge is relevant in situations where a defendant is reasonably mistaken as to the victim's identity and exerts some resistance, thus negating his criminal intent:

> The Supreme Court has held that § 111 does not embody an unexpressed requirement that an assailant be aware that his victim is a federal officer. *United States v. Feola*, 420 U.S. 671, 684 (1974). *Feola teaches that the defendant's state of knowledge only requires an intent to assault, not an intent to assault a federal officer. Id. However, this does not imply that the defendant's state of knowledge is never a relevant consideration under § 111. The statute does require a criminal intent, and there may well be circumstances in which ignorance of the official status of the person assaulted or resisted negates the very existence of mens rea.* For example, where an officer fails to identify himself or his purpose, his conduct in certain circumstances might reasonably be interpreted as the unlawful use of force directed either at the defendant or his property. In a situation of that kind, one might be justified in exerting an element of resistance and an honest mistake of fact would not be consistent with criminal intent.

*Id.* (citing *Feola*, 420 U.S. at 686) (emphasis added). But standing alone, this category of knowledge—whether Mr. Ayala knew that the victim was a federal officer when he acted in reasonable self-defense—isn't a substitute for excluding the knowledge element from the essential elements of the § 111 offense instruction.

The Court only instructed the jury to consider whether there was a reasonable doubt that Mr. Ayala knew that the victim was a federal officer when he acted in reasonable self-defense, without any consideration of the government's burden to prove an essential element of § 111: that he *forcibly*

resisted a federal official in the performance of his duties. Said another way, the government had to prove that Mr. Ayala *knowingly and willfully* used force to resist a federal official performing his duties.

The Court only considered Mr. Ayala's knowledge in terms of whether he knew the identity of the federal officer and his mistaken belief, without any consideration of the government's burden to prove an essential element of § 111 offense: that he *forcibly* (*i.e.*, that he, not by accident or mistake, knowingly and willfully used force) resisted, opposed impeded, intimidated, or interfered with a federal official. Knowing what we know now, the Court's offense instruction for § 111 reveals the error itself:

> It's a federal crime to resist a Federal Officer while the officer is performing official duties.
>
> The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:
>
> (1) The Defendant resisted, opposed, impeded, intimidated, or interfered with an officer or employee of the United States; and
>
> (2) The officer or employee of the United States was engaged in the performance of his official duties.
>
> The Government must prove beyond a reasonable doubt that the victim was a Federal Officer performing an official duty and that the Defendant forcibly assaulted the officer. Whether the Defendant knew at the time that the victim was a Federal Officer carrying out an official duty does not matter.

Doc. 150 at 14. The Court's instruction only contained two elements the government had to prove beyond a reasonable doubt, none of which included

10

any kind of mental state. And the problems with the § 111 instruction only get worse.

The phrase "forcibly assault" is a term of art that's specifically defined in the Eleventh Circuit's pattern jury instructions, meaning "an intentional threat or attempt to cause serious bodily injury when the ability to do so is apparent and immediate. It includes any intentional display of force that would cause a reasonable person to expect serious bodily harm or death." Pattern Instruction O1.1. "Forcibly assaulted" only shows up once in the Court's § 111 instruction. It wasn't included in the introductory paragraph to the offense instruction. It's only referenced in the third paragraph, but there isn't any context or meaning behind this legal term of art. And most important of all, this legal term of art isn't mentioned *at all* within the elements of the offense as set out in the Court's § 111 offense instruction. The Court needed to have also instructed the jury that it could only find Mr. Ayala guilty beyond a reasonable doubt if the government proved that he had resisted a federal officer *forcibly*, meaning that he knowingly and willfully (not accidentally or mistakenly) used force to resist arrest. Mr. Ayala's knowledge as to the federal officer's identity isn't a substitute for instructing the jury in the first instance the essential element of knowledge that

§ 111 requires as a matter of law.[1] The Eleventh Circuit in *United States v. Bush*

said it best: "It's difficult to imagine an issue more central to a finding of criminal

―――――――――――――

[1] We can also compare the Court's offense instruction to the Fifth Circuit's pattern instruction, which clearly articulates the required level of knowledge a defendant must have within the essential elements of the offense:

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That the defendant forcibly assaulted [resisted] [opposed] [impeded] [intimidated] [interfered with] a federal officer, as described below;

*Second*: That the federal officer was forcibly assaulted [resisted] [opposed] [impeded] [intimidated] [interfered with] while engaged in the performance of his [her] official duty or on account of the performance of official duties; and

***Third*: That the defendant did such acts intentionally . . . .**

The term "forcible assault" means any intentional attempt or threat to inflict injury upon someone else when a defendant has the apparent present ability to do so. This includes any intentional display of force that would cause a reasonable person to expect immediate bodily harm, regardless of whether the victim was injured, or the threat or attempt was actually carried out.

. . .

It is not necessary to prove the defendant knew the person being forcibly assault was, at that time, a federal officer carrying out an official duty, so long as it is established beyond a reasonable doubt that the person assaulted was, in fact, a federal officer acting in the course of his [her] duty and that the defendant *intentionally* committed a forcible assault upon that officer.

On the other hand, the defendant would not be guilty of an assault if the evidence leaves you with a reasonable doubt as to whether the defendant knew the person to be a federal officer and only committed such an act because of a reasonable, good faith belief that the defendant needed to defend himself [herself] against an assault by a private citizen.

United States Court of Appeals Library for the Fifth Circuit, *Fifth Circuit Criminal Jury Instructions*, Pattern Instruction 2.07 (2024), https://www.lb5.uscourts.gov/juryinstructions/ Fifth/PJI-CRI MINAL_2024_EDITION_FINAL.pdf (emphasis added). Per the Fifth Circuit's pattern instructions, the meaning of "intentionally" is defined in the "knowingly" instruction,

12

responsibility than *mens rea*. If the government can't prove that the defendant acted with the requisite state of mind, the defendant is entitled to an acquittal." *United States v. Bush*, 110 F.4th 1246, 1250 (11th Cir. 2024).

There is ample authority to support granting a motion for judgment of acquittal and ordering a new trial under Rule 29. *Ruan v. United States*, 597 U.S. 450, 454 (2022) (reversing defendant-doctor's conviction for dispensing controlled substances in violation of 21 U.S.C. § 841(a) based on erroneous jury instruction and remanding for new trial, holding that jury instructions failed to include § 841(a)'s "knowingly or intentionally" *mens rea* for dispensing such substances "as authorized"); *United States v. Rehaif*, 588 U.S. 225, 234-35, 237 (2019) (reversing defendant's conviction for possessing a firearm as a prohibited person in violation of 18 U.S.C. § 922(g) and remanding for new trial, holding that erroneous jury instruction left out essential element of the offense that government must prove, *i.e.*, that defendant knew of his status as an illegal alien, negating an element based on defendant's mistaken impression to the contrary); *Bush*, 110 F.4th at 1251–52, 1253 (11th Cir. 2024) (reversing under plain error review defendant's conviction for escape in violation of 18 U.S.C. §§ 751(a) and

---

which means that something is done voluntarily and not by accident or mistake. *Id.* at 1.41. Importantly, the Fifth Circuit's pattern instruction for doing something "knowingly" or "intentionally" is nearly identical to the Eleventh Circuit's pattern instruction, the only difference being that the knowledge element is baked right into the essential elements.

4082(a) based on erroneous jury instructions and remanding for new trial, holding that the jury wasn't properly informed on the defendant's *mens rea*, which required the government to prove that he knew his conduct amounted to an escape).

The jury was never instructed to consider Mr. Ayala's criminal knowledge—that he *forcibly* resisted arrest. For these reasons, the Court should grant his Rule 29 motion for judgment of acquittal and order a new trial.

> **III.    Alternatively, the Court should grant Mr. Ayala's motion for new trial "in the interests of justice" under Rule 33(a) because of its erroneous offense instruction to the jury, the government's misstatement of the law on the reasonable prudent person standard in its rebuttal argument, and the cumulative effect that these errors had on the jury's verdict.**

At the outset, Mr. Ayala reasserts the arguments he raised above in his motion for new trial under Rule 29(d) in support of a new trial "in the interests of justice" pursuant to Rule 33(a). "Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires. Fed. R. Crim. P. 33(a). "The decision to grant or deny the new trial motion is within [the] sound discretion of the trial court and will not be overturned on appeal unless the ruling is so clearly erroneous as to constitute an abuse of discretion." *United States v. Vicaria*, 12 F.3d 195, 198 (11th Cir. 1994). The interests of justice "is a broad standard" for granting a new trial. *Id.*

Bases for a new trial "in the interests of justice" include, but are not limited to, erroneous jury instructions, 3 *Wright & Miller's Federal Practice and Procedure* § 589 (5th ed. 2026), and misstatements of the law argued by the prosecutor, *id.* at § 588. *Vicaria*, 12 F.3d at 196, 198–99 (affirming district court's order granting new trial in the interests of justice under Rule 33(a), holding that the district court judge realized after sentencing that he should've granted the defendant's requested theory of defense instruction); *United States v. Velazquez*, 1 F.4th 1132, 1137–38, 1139, 1141 (9th Cir. 2021) (reversing defendant's conviction and ordering a new trial, reasoning that prosecutor's closing argument diluted reasonable doubt standard).

A defendant can also be deprived of a fair trial based on "cumulative error," requiring reversal of his conviction:

> "A cumulative-error analysis aggregates all errors found to be harmless and analyzes whether their cumulative effect on the outcome of the trial is such that collectively they can no longer be determined to be harmless." *United States v. Toles*, 297 F.3d 959, 972 (10th Cir. 2002) (internal quotation marks omitted). We "consider whether the defendant's substantial rights were affected by the cumulative effect of the harmless errors." *Id.* "Only actual errors are considered in determining whether the defendant's right to a fair trial was violated." *Id.* "If any of the errors being aggregated are constitutional in nature, the cumulative error must be harmless beyond a reasonable doubt, in accordance with *Chapman v. California*, 386 U.S. 18 (1967)." *Id.*

*United States v. Barrett*, 496 U.S. 1079, 1121 (10th Cir. 2007).

Based on the previous arguments Mr. Ayala makes in his Rule 29 motion above, *see supra* Part II, he moves in the alternative for a new trial in the interests of justice under Rule 33(a) based on the Court's improper § 111 offense instruction to the jury, the government's misstatement of the law in its rebuttal argument on the reasonable prudent person standard, and the cumulative effect that these errors had on the jury's verdict.

### IV.   Conclusion.

"The Constitution gives a criminal defendant the right to have a jury determine, beyond a reasonable doubt, his guilt of every element of the crime with which he is charged." *United States v. Gaudin*, 515 U.S. 506, 522–23 (1995). Based on the Court's erroneous offense instruction for forcibly resisting arrest in violation of 18 U.S.C. § 111 and its misapprehension of the essential element of knowing and willful knowledge, Mr. Ayala was deprived of his constitutional right to due process of law under the Fifth Amendment and his right to a fair trial under the Sixth Amendment.

The Court only instructed the jury on whether there was a reasonable doubt that Mr. Ayala knew that the civilian who approached him was a federal official in deciding if he acted in reasonable self-defense. Knowing who the victim is and whether he's a federal official is distinct from the intent of knowingly and willfully committing a criminal act. In Mr. Ayala's case, that he

*forcibly* resisted arrest. The required level of *mens rea* was wholly absent from the § 111 offense instruction, morphing § 111 from a general intent crime to a strict liability offense.

Based on the Court's erroneous offense instruction, Mr. Ayala wasn't permitted to argue as a matter of law that he made a mistake and that he didn't knowingly and willfully resist arrest. Moreover, counsel for the government committed misconduct when it misstated black letter law in her rebuttal closing argument on the reasonable prudent person standard, stating that it's only an objective standard without any consideration of Mr. Ayala's subjective state of mind. All these errors standing alone, or all together cumulatively, demonstrates that there was significant error that pervaded the jury's verdict. The remedy is vacating the jury's finding of guilt and ordering a new trial.

Mr. Ayala respectfully requests that the Court grant his post-trial motion for judgment of acquittal and order a new trial pursuant to Rule 29(c) and (d). He respectfully asks this Court in the alternative to grant his motion for new trial in the interests of justice under Rule 33(a).

**Respectfully submitted,**

**CHARLES L. PRITCHARD, JR.**
**FEDERAL PUBLIC DEFENDER**

*/s/ Stephen Consuegra*
Assistant Federal Defender
Florida Bar. No. 105816
400 N Tampa St, Suite 2700
Tampa, FL 33602
Phone: (813) 228-2715
Fax: (813) 228-2562
E-mail: Stephen_Consuegra@fd.org

## CERTIFICATE OF SERVICE

I HEARBY CERTIFY that on April 24, 2026, a true and correct copy of the

foregoing was furnished by the CM/ECF system with the Clerk of the Court,

which will send a notice of the electronic filing to:

AUSA Michael Carl Sinacore.


/s/ Stephen Consuegra
Stephen Consuegra
Assistant Federal Defender